# EXHIBIT D

Case 4:20-cv-01950   Document 1-5   Filed on 06/03/20 in TXSD   Page 2 of 18

5/5/2020 9:32 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 42743205
By: Patricia Jones
Filed: 5/5/2020 9:32 AM

CAUSE NO. _____

| | | |
|---|---|---|
| PAUL H. AND MARIA D. EHRIG, | § § | IN THE JUDICIAL COURT OF |
| *Plaintiffs,* | § § | |
| V. | § § | HARRIS COUNTY, TEXAS |
| ALLSTATE TEXAS LLOYDS AND MARK CURTIS HENDON, II, | § § § | |
| *Defendant.* | § | ____ DISTRICT COURT |

**PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND,
AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Paul H. and Maria D. Ehrig ("Plaintiffs"), and file **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of Allstate Texas Lloyds ("Allstate") and Mark Curtis Hendon, II ("Hendon") (or collectively "Defendants") and for cause of action, Plaintiffs respectfully show the following:

**DISCOVERY CONTROL PLAN**

1. Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

**PARTIES**

2. Plaintiffs, Paul H. and Maria D. Ehrig reside in Harris County, Texas.

3. Defendant, Allstate Texas Lloyds, is a Texas insurance company, engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon Allstate Texas Lloyds, through its registered agent for service listed with the Texas Department of Insurance: **c/o C T Corporation System, 1999 Bryan Street, Suite 900, Dallas Texas**

**75201-3136**. Plaintiffs request service at this time.

4. Defendant Mark Curtis Hendon, II is an individual resident of The Woodlands, Texas. Hendon may be served with citation at the address listed with the Texas Department of Insurance**: 4747 Research Forest Drive #180432, The Woodlands, Texas 77381**. Plaintiffs request service at this time.

## JURISDICTION

5. The Court has jurisdiction over Allstate Texas Lloyds because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Allstate's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

6. The Court has jurisdiction over Hendon because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

## VENUE

7. Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8. Plaintiffs assert claims for breach of contract, fraud, negligence, gross negligence, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

2

9. Plaintiffs own an Allstate Texas Lloyds insurance policy, number 000216810846 ("the Policy"). At all relevant times, Plaintiffs owned the insured premises located at **<u>16119 Garden Hill Lane Houston, Texas 77095</u>** ("the Property").

10. Allstate Texas Lloyds or its agent sold the Policy, insuring the Property, to Plaintiffs. Allstate Texas Lloyds represented to Plaintiffs that the Policy included hail and windstorm coverage for damage to Plaintiffs' Property.

11. On or about May 9, 2019, the Property sustained extensive damage resulting from a severe storm that passed through the Houston/Harris County, Texas area.

12. In the aftermath of the hail and windstorm, Plaintiffs submitted a claim to Allstate against the Policy for damage to the Property. Allstate assigned claim number 0556095627 PKJ to Plaintiffs' claim.

13. Plaintiffs asked Allstate to cover the cost of damage to the Property pursuant to the Policy.

14. Allstate hired or assigned its agent, Mark C. Hendon, II to inspect and adjust the claim. Hendon conducted an inspection on or about August 13, 2019, according to the information contained in his estimate. Hendon's findings generated an estimate of damages totaling $4,539.80. After the application of depreciation and Plaintiffs' $2,370.00 deductible, Plaintiffs were left without adequate funds to make repairs on the entirety of their claim.

15. Allstate, through its agent, Hendon, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

16. Allstate and Hendon have ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional exterior damage. Specifically, Hendon

3

found damage to only 9.56 squares of Plaintiffs' roof, pipe jack flashing, valley metal, ridge cap, and chimney flashing. The third-party inspector hired to review the damage to the Property found damage to 43.08 squares of composite shingle roofing. In addition to Hendon's findings, the third-party inspector found damage to the chimney chase, flue cap, and skylight kit that were completely absent from Hendon's estimate.

17. The damage to Plaintiffs Property is currently estimated at $28,366.47.

18. Hendon had a vested interest in undervaluing the claims assigned to him by Allstate in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Hendon.

19. Furthermore, Hendon was aware of Plaintiffs' deductible prior to inspecting the Property. Hendon had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

20. Hendon misrepresented the actual amount of damage Plaintiffs' Property sustained in addition to how much it would cost to repair the damage. Hendon made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiffs would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

21. After reviewing Plaintiffs' Policy, Hendon misrepresented that the damage was caused by non-covered perils. Hendon used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs Property would not be covered under the policy.

22. As stated above, Allstate and Hendon improperly and unreasonably adjusted Plaintiffs' claim. Without limitation, Allstate and Hendon misrepresented the cause of, scope of, and

4

cost to repair damages to Plaintiffs Property, as well as the amount of insurance coverage for Plaintiffs' claim or loss under the Policy.

23. Allstate and Hendon made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Allstate and Hendon made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared Hendon.

24. Plaintiffs relied on Allstate's and Hendon's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs Property. Plaintiffs' damages are the result of Plaintiffs' reliance on these misrepresentations.

25. Upon receipt of the inspection and estimate reports from Hendon, Allstate failed to assess the claim thoroughly. Based upon Hendon's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Allstate failed to provide coverage due under the Policy, and Plaintiffs suffered damages.

26. Because Allstate and Hendon failed to provide coverage for Plaintiffs' insurance claim, Plaintiffs have been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiffs' Property.

27. Furthermore, Allstate and Hendon failed to perform their contractual duties to Plaintiffs under the terms of the Policy. Specifically, Hendon performed an unreasonable and substandard inspection that allowed Allstate to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged

5

Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

28. Allstate's and Hendon's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiffs.

29. Allstate's and Hendon's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Allstate and Hendon have failed to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Specifically, Allstate and Hendon have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

30. Allstate's and Hendon's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Allstate and Hendon failed to provide Plaintiffs' a reasonable explanation for underpayment of the claim.

31. Additionally, after Allstate received statutory demand on or about 02/18/2020, Allstate has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs claim properly.

32. Allstate's and Hendon's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Hendon performed a

6

biased and intentionally substandard inspection designed to allow Allstate to refuse to provide full coverage to Plaintiffs under the Policy.

33. Specifically, Allstate and Hendon performed an outcome-oriented investigation of Plaintiffs' claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

34. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to Hendon subpar inspection, Allstate failed to reasonably accept or deny Plaintiffs full and entire claim within the statutorily mandated time after receiving all necessary information.

35. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Hendon's intentional undervaluation of Plaintiffs' claims, Allstate failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Hendon's understatement of the damage to the Property caused Allstate to delay full payment of Plaintiffs claim longer than allowed, and Plaintiffs have not received rightful payment for Plaintiffs' claim.

36. Allstate's and Hendon's wrongful acts and omissions have forced Plaintiffs to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE TEXAS LLOYDS

37. All paragraphs from the fact section of this petition are hereby incorporated into this section.

## BREACH OF CONTRACT

7

38. Allstate is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Allstate and Plaintiffs.

39. Allstate's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Allstate's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

40. Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

41. Allstate's unfair settlement practice of misrepresenting to Plaintiffs' material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

42. Allstate's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

43. Allstate's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

8

44. Allstate's unfair settlement practice of refusing to pay Plaintiffs' full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

45. Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

46. Allstate's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

47. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

48. Allstate's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, even though Allstate knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

49. Allstate's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are consumers of goods and services provided by Allstate pursuant to the DTPA. Plaintiffs have met all conditions

9

precedent to bring this cause of action against Allstate. Specifically, Allstate's violations of the DTPA include, without limitation, the following matters:

A. By its acts, omissions, failures, and conduct, Allstate has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Allstate's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B. Allstate represented to Plaintiffs that the Policy and Allstate's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C. Allstate represented to Plaintiffs that Allstate's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. Allstate advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. Allstate breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiffs to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F. Allstate's actions are unconscionable in that Allstate took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Allstate's

10

unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a) (3) of the DTPA; and

G. Allstate's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50. Each of the above-described acts, omissions, and failures of Allstate is a producing cause of Plaintiffs' damages. All of Allstate's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## CAUSES OF ACTION AGAINST DEFENDANT MARK CURTIS HENDON, II

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

51. All allegations above are incorporated herein.

52. Hendon's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

53. Hendon is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Allstate, because Hendon is a "person," as defined by TEX. INS. CODE §541.002(2).

54. Hendon knowingly underestimated the amount of damage to the Property. As such, Hendon failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

55. Furthermore, Hendon did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

56. Hendon's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

57. Hendon's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

### DTPA VIOLATIONS

58. All allegations above are incorporated herein.

59. Hendon's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are consumers of goods and services provided by Hendon pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Hendon. Specifically, Hendon's violations of the DTPA include the following matters:

   A. By this Defendant's acts, omissions, failures, and conduct, Hendon has violated sections 17.46(b)(2), (5), and (7) of the DTPA. Hendon's violations include (1) failure to give Plaintiffs the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiffs Property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

   B. Hendon represented to Plaintiffs that the Policy and his adjusting and investigative

services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.  Hendon represented to Plaintiffs that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.  Hendon's actions are unconscionable in that Hendon took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Hendon's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

E.  Hendon's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

60. Each of Hendon's above-described acts, omissions, and failures is a producing cause of Plaintiffs' damages. All acts, omissions, and failures were committed "knowingly" and "intentionally" by Hendon, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## KNOWLEDGE

61. Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

62. Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

**DAMAGES**

63. The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants' mishandling of Plaintiffs' claims in violation of the laws set forth above.

64. Plaintiffs currently estimate that actual damages to the Property under the Policy are $28,366.47.

65. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above-described acts, omissions, failures, and conduct of Defendants have caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' Property and any investigative and engineering fees incurred.

66. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claims, consequential damages, together with attorney's fees.

67. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times their actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

68. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claims, plus a per annum interest penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

69. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Allstate owed, exemplary damages, and damages for emotional distress.

70. Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

71. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

72. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seeks only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

### REQUESTS FOR DISCLOSURE

73. Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

### JURY DEMAND

74. Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiffs hereby tender the appropriate jury fee.

### PRAYER

Plaintiffs pray that Defendants, Allstate Texas Lloyds and Mark Curtis Hendon, II, be cited and served to appear and that upon trial hereof, Plaintiffs recover from Defendants, Allstate Texas Lloyds and Mark Curtis Hendon, II such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all

punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Tara L. Peveto
Bar No. 24076621
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
**eservice@cwilsonlaw.com**

ATTORNEYS FOR PLAINTIFFS